IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

STATE OF WISCONSIN ,

                               Petitioner,

   v.

HO-CHUNK NATION,

                               Respondent.

ORDER

12-cv-505-bbc

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner State of Wisconsin has filed a petition under 9 U.S.C. § 9 to confirm an arbitration award prohibiting respondent Ho-Chunk Nation from offering "non-banking poker" at DeJope Gaming Facility in Madison, Wisconsin. Respondent seeks to vacate the award.

"The first question in every case is whether the court has jurisdiction." Avila v. Pappas, 591 F.3d 552, 553 (7th Cir 2010). The Federal Arbitration Act does not provide a basis for jurisdiction, Vaden v. Discover Bank, 556 U.S. 49, 58-59 (2009), and the state does not cite any other basis in its petition. This is somewhat surprising in light of the state's previous difficulties in establishing jurisdiction in federal court over arbitration disputes. E.g., Wisconsin v. Ho-Chunk Nation, 512 F.3d 921 (7th Cir. 2008); Wisconsin v. Ho-Chunk Nation, 463 F.3d 655 (7th Cir. 2006).

In a footnote in its opening brief, the state cites 25 U.S.C. § 2710(d)(7)(A)(ii), which

creates a cause of action "to enjoin a class III gaming activity located on Indian lands and conducted in violation of any Tribal-State compact." Although the state does not explain its reliance on § 2710(d)(7)(A)(ii), presumably it means to argue that jurisdiction is present because the parties' underlying dispute falls within that provision. <u>Vaden</u>, 556 U.S. at 62 (federal court may exercise jurisdiction over arbitration dispute if it would have jurisdiction over underlying cause of action). Unfortunately, it is impossible to make that determination from the petition or the state's short brief in support of the petition.

A review of the arbitration decision shows that the question was whether the poker game being offered at DeJope was a "Class II" or "Class III" game within the meaning of the Indian Gaming Regulatory Act of 1988. Dkt. #1-4. This distinction matters because the parties have a compact that governs "Class II" games at DeJope, but they do not have a compact that governs "Class III" games there. Ultimately, the arbitrator concluded that non-banking poker was a "Class III" game and "the Nation is not permitted to offer" the game "unless the parties enter into a tribal-state compact `that specifically allows that game" at the DeJope facility. <u>Id.</u> at 10.

The arbitrator's decision seems to support the view that the state is seeking "to enjoin a class III gaming activity located on Indian lands," but it is less clear whether the second part of § 2710(d)(7)(A)(ii) is satisfied, which is that the game was "conducted in violation of any Tribal-State compact." The arbitrator's conclusion was that the parties *did not have* a compact that governed the poker game. Is that the same thing as finding that the game "violated" a compact? Neither party addresses that issue.

This court has an independent obligation to insure that jurisdiction exists. <u>Booker-El v. Superintendent, Indiana State Prison</u>, 668 F.3d 896, 899 (7th Cir. 2012). Because questions about jurisdiction remain, I will give the parties an opportunity to address those questions.

ORDER

IT IS ORDERED that petitioner State of Wisconsin may have until November 13, 2012, to file a supplement to its petition showing that subject matter jurisdiction is present in this case. Respondent Ho-Chunk Nation may have until November 20, 2012, to file a response. If the state does not respond by November 13, I will dismiss the case for lack of jurisdiction.

Entered this 5th day of November, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge